Curia, per

RichaRDson, J.
The verdict is, perhaps right according to the evidence before the jury, and would have been satisfactory, but for the strict rules of law. The question is, whether the evidence received to prove the signatures to the note, was competent in law, when Kevil Roberts, the subscribing witness was within the reach of the Court, and might have been brought to testify, in person, to the contract he witnessed. In such a case, and at common law, the subscribing witness must have testified in person, and in case he were beyond the reach of the Court, then other witnesses, by proving his handwriting, and the signatures of the makers of the note would furnish legal, though secondary evidence of the same facts. (See 1 Starkie, 126-30, and the cases cited.) But does the Act of 1802, (5 Stat. at large, p. 435,) alter this rule of the common law, in such a case ?
The Act declares that “ the absence of any witness to a bond or note, shall not be deemed a good cause for postponing a trial,” &c. “ But *201 that the signature to such bond, or note, may be pro red by other testimony, unless the defendant, at the time of filing his or her plea should swear,” &c., “ that the signature to the bond or note, is not his orher’s.”
See 11 Rich. 318, and cases there cited. An.
In the ease before us, one of the defendants had, in fact, so sworn, and that being done, it follows that the case was taken out of the provisions of the Act, and stood at common law as if no such Act had been passed. We must then judge the case by the common law rules already noticed. But *it may be satisfactory to observe that the object of the rule, that competent or the best evidence shall be adduced, is not merely that conviction or belief of the jury, upon the facts of the case, shall be produced, but that such belief shall be produced by legal evidence ; and the decision of the Court turns upon that distinction.
Why is it, that without competent evidence, no case can be heard, and nonsuits are ordered ? It is lest belief should be impressed upon the jury by illegal evidence, and verdicts be given through partiality, preju dice, or credulity, which are human weaknesses ; and the law being unable to control them, yet limit their influence by known rules or measures of evidence, which the Judge is to apply according to the legal character of the evidence offered
It is plain, then, that the rule in question has a sound policy, similar to that of the Act requiring three witnesses to the last will, or to the rule of the civil law, which requires two witnesses to a fact. There is safety in such guards, against partial decisions, as well as frauds, and the uniformity and coherence of laws depend greatly upon the adherence to its rules of evidence. However probable it may therefore be, that the evidence of Kevil Roberts will not alter the verdict, yet, the reasons of so established a rule require that there should be a new trial in order that the verdict may follow legal evidence.
O’Neall, Evans and Butler, JJ., concurred.